**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DONNA J. COSTON,**

      Plaintiff,

  vs.                                  Civil Action 2:07-CV-1270
                                              Judge Frost
                                              Magistrate Judge King

**MICHAEL J. ASTRUE, Commissioner
of Social Security,**

      Defendant.

**OPINION AND ORDER**

      Plaintiff Donna J. Coston applied for supplemental security income. In a prior action filed by her, *Coston v. Social Security,* 2:05-CV-1058 (S.D. Ohio, November 23, 2005), this Court remanded the matter to the Commissioner for further consideration of plaintiff's mental impairment. On remand, plaintiff was again found to have the residual functional capacity to perform work that exists in significant numbers in the national economy. In a *Report and Recommendation* issued January 16, 2009, the United States Magistrate Judge concluded that the Commissioner's decision is supported by substantial evidence. *Report and Recommendation,* Doc. No. 13. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* which the Court will consider *de novo. See* 28 U.S.C. §636(b).

      Plaintiff's mental impairments are critical to the resolution of this action. In a lengthy, detailed and thorough decision, the administrative law judge found that plaintiff suffers from depression but concluded that the condition does not meet or equal a listed impairment and leaves plaintiff with the residual functional capacity to perform simple and moderately complex jobs that require no more than limited contact with others and no more than low stress work. *A.R.* 406-07. In making these findings, the administrative law judge relied on the

testimony of the psychological expert, Cynthia J. Wyatt, Ph.D., as well as a reviewing state agency psychologist. The administrative law judge rejected the more restrictive residual functional capacity assessments articulated by plaintiff's treating psychiatrist, Darrell Smith, M.D., *A.R.* 328-30, and by the consultative psychological evaluator Margaret G. Smith, Ph.D., *A.R.* 194-202. In her *Report and Recommendation,* the United States Magistrate Judge rejected plaintiff's contention that the reports of the two Drs. Smith compel the conclusion that plaintiff's depression meets Listing 12.04:

> A fair reading of plaintiff's mental health treatment records and records from her primary care physician, Dr. Forrestal, suggests that plaintiff's depression and anxiety have been relatively stable. Plaintiff's condition was responsive to medication notwithstanding some issues of compliance. Even in May 2005, plaintiff reported to Dr. Darrell Smith that the increased dose of Wellbutrin made her worse, so she discontinued it and "feels much better." *A.R.* 614. In August 2004, plaintiff reported to Dr. Darrell Smith that "her depression is largely resolved because of changes in her living situation." *A.R.* 605. The finding of the administrative law judge, *i.e.,* that plaintiff's mental impairment neither meets nor equals Listing 12.04, enjoys substantial support in the record.

*Report and Recommendation,* at 12-13. The *Report and Recommendation* also rejected plaintiff's contention that the administrative law judge failed to properly evaluate the reports and opinions of plaintiff's treating psychiatrist:

> [P]laintiff saw Dr. Darrell Smith from April 2003 through at least April 2006. *A.R.* 203-09, 282-85, 326-30, 603-17. In addition, Dr. Darrell Smith's treatment notes reflect that plaintiff's sessions focused on situational stress and interpersonal relationships involving an ex-husband and ex-boyfriend, *Id.,* relationships that have been resolved. *A.R.* 438. Dr. Darrell Smith's opinion of disability is inconsistent with other evidence of record. For example, the record reveals that plaintiff engages in a variety of activities, including driving, taking care of her personal needs and her household chores such as cooking,

> washing dishes, laundry and grocery shopping; she
> attends church every week, goes out to eat and
> plays computer games. In addition, Dr. Darrell
> Smith's opinion is inconsistent with that expressed
> by Dr. Wyatt as well as those of the reviewing
> mental health experts. *A.R.* 212, 577-94. Under
> these facts, the Commissioner did not err by
> failing to give controlling weight to Dr. Darrell
> Smith's opinion.

*Id.,* at 13-14. The *Report and Recommendation* went on to conclude that the administrative law judge reasonably relied on the testimony of the psychological expert, Dr. Wyatt. *Id.,* at 14. The Magistrate Judge concluded,

> In this case, the administrative law judge provided
> a detailed and comprehensive discussion and
> analysis of all the evidence in the record and
> appropriately weighed the medical opinions of
> record. His findings enjoy substantial support in
> the record.

*Id.,* at 14-15.

In her objections, plaintiff raises the same arguments presented in her *Statement of Errors* and *Response to Defendant's Memorandum in Opposition*. This Court concludes that there is substantial evidence in the record to support the findings and conclusions of the Commissioner and that the administrative law judge appropriately considered that evidence by reference to the appropriate standards. Under these circumstances, the decision of the Commissioner must be affirmed.

Plaintiff's objections to the *Report and Recommendation* are **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The decision of the Commissioner is **AFFIRMED** and this action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** in this action pursuant to Sentence 4 of 42 U.S.C. §405(g).

                                             /s/ Gregory L. Frost
                                                  Gregory L. Frost
                                           United States District Judge